# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRADLEY YOUNG,**
**on behalf of himself and the**
**classes defined herein,**

    **Plaintiffs,**

**v.**

**MONTERERY FINANCIAL SERVICES, INC.,**
**d/b/a MONTEREY COLLECTION SERVICES,**

    **Defendant.**                     **Case No. 10-cv-862-DRH**

## <u>ORDER</u>

**HERNDON, Chief Judge:**

Before the court is Defendant's motion to compel arbitration and stay proceedings pending the completion of arbitration (Doc. 20). The Plaintiffs, Dana and Bradley Young, brought this suit on behalf of themselves and the classes defined in their complaint alleging unlawful credit and collection practices by Defendant (Doc. 2). On January 28, 2011, Plaintiffs filed a motion to certify class (Doc. 16) and a memorandum in support thereof (Doc. 17).

While Plaintiffs' motion to certify class (Doc. 16) lay pending a response, reply, if any, and ruling, Defendant's filed a motion to compel arbitration and stay proceedings pending the completion of arbitration (Doc. 20), along with a memorandum of law in support thereof (Doc. 21). In Defendant's motion and memorandum in support thereof, Defendant's argue that because

Plaintiff Dana Young signed an arbitration agreement, he should have to arbitrate his claims. Accordingly, Defendant asked the court to stay the entire proceedings including those brought by Plaintiff Bradley Young pending the completion of arbitration of Dana Young's claims. Alternatively, Defendant requested the court extend the time to answer or otherwise plead to Plaintiff Bradley Young's complaint, if the court decides not to stay the proceedings as to Plaintiff Bradley Young.

On February 9, 2011, Plaintiff Dana Young filed a voluntary notice of dismissal (Doc. 23) pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(ii)**, seeking to dismiss, without prejudice and without costs, Plaintiff Dana Young only from this suit. The next day, the Court entered an order acknowledging the notice of dismissal, dismissing Plaintiff Dana Young's claims without prejudice, and terminating Plaintiff Dana Young from the case.

On February 15, 2011, Plaintiff Bradley Young filed a response to Defendant's motion to compel (Doc. 27), asking the court to deny as moot Defendant's motion to compel arbitration and stay proceedings pending the completion of arbitration, contending that as Dana Young has dismissed his claims against Defendant there is no basis to compel arbitration of any claim left in this case as Plaintiff Bradley Young never signed an arbitration agreement. Defendants did not file a reply to this response within the time provided under local rule 7.1(g). SDIL-LR 7.1(g). Thus, the motion is now ripe for review.

"[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2856 (2010). Here, Defendant's motion to compel arbitration relies on the fact that Dana Young signed an arbitration agreement. As Dana Young is no longer a party to this case, however, having dismissed his claims against Defendant, there is no basis to compel arbitration or to stay Bradley Young's claims. Accordingly, defendant's motion to compel arbitration and stay proceedings pending the completion of arbitration (Doc. 20) is **DENIED.** According to the docket sheet, Defendant's response to Plaintiff's motion to certify class (Doc. 16) is due by March 2, 2011. Defendant's have until that date (March 2, 2011) to file an answer or responsive pleading.

**IT IS SO ORDERED**.

Signed this 24th day of February, 2011.

David R. Herndon
2011.02.24 14:54:32
-06'00'

**Chief Judge**
**United States District Court**